NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AVON JARRETT SPEARMAN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3053

---

Petition for review of the Merit Systems Protection Board in No. DC0752120306-I-1.

---

Decided: August 8, 2013

---

AVON JARRETT SPEARMAN, of Gwynn Oak, Maryland, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel. Of counsel was MICHAEL A. CARNEY, General Counsel.

---

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Avon Jarrett Spearman seeks review of a final order of the Merit Systems Protection Board ("board"), *see Spearman v. Dep't of the Treasury*, 118 M.S.P.R. 639 (2012), that denied his petition for review of an initial decision dismissing his appeal for lack of jurisdiction, *see Spearman v. Dep't of the Treasury*, No. DC0752120306-I-1, 2012 MSPB LEXIS 2202 (Apr. 11, 2012) ("*Initial Decision*"). We affirm.

## I. BACKGROUND

Spearman was employed as a GS-12 Information Technology Specialist with the Internal Revenue Service ("IRS"). On June 29, 2011, he pled guilty, in state court, to charges of passing a forged public document. Three weeks later, the IRS notified Spearman that it proposed to remove him based upon three charges: (1) conduct unbecoming an IRS employee; (2) making false statements in a matter of official interest; and (3) failure to pay federal income taxes in a timely manner.

After considering Spearman's written reply to the proposed removal notice, the IRS sustained the charges against him and notified him that he would be removed from his position effective August 23, 2011. Spearman then emailed his supervisor and requested that he be allowed to resign from his position with the agency. The IRS accepted his resignation, and he resigned from his position effective August 26, 2011.

On February 13, 2012, Spearman filed an appeal with the board. An administrative judge subsequently issued an acknowledgement order advising Spearman that the board might not have jurisdiction over his appeal because his resignation was presumed to be voluntary and voluntary resignations are not appealable to the board. *See Initial Decision,* 2012 MSPB LEXIS 2202, at *6. Spearman responded with a written submission in which he stated that he "was forced to be removed from service for allegedly ongoing conduct related issues," and that his

supervisors had informed him that he "had no appeal rights after [his] resignation." Spearman further asserted that he had been "taken advantage of" due to a "learning disability."

On April 11, 2012, the administrative judge issued an initial decision dismissing Spearman's appeal for lack of jurisdiction. The judge determined that Spearman had failed to overcome the presumption that his resignation had been voluntary, noting that he had "identified no circumstances surrounding his decision to resign that might reflect any deprivation of free choice on his part." *Id.* at *8. The judge explained that although a resignation will be deemed involuntary if an employee can show that an agency had no reasonable basis for proposing his removal, *id.* at *6, "[t]he record contain[ed] nothing to even suggest that the agency's reasons for [Spearman's] removal could not be substantiated," *id.* at *8.

On November 1, 2012, the board denied Spearman's petition for review of the administrative judge's initial decision. He then filed a timely appeal with this court.

## II. DISCUSSION

We must affirm a board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). We review de novo the question of whether the board has jurisdiction over an appeal. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006).

"The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). It was Spearman's burden to establish, by a preponderance of the evidence, that the board had jurisdiction over his appeal. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322,

1344 (Fed. Cir. 2006) (en banc); *see also* 5 C.F.R. § 1201.56(a)(2)(i).

The board has no jurisdiction over voluntary resignations. *See Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1332 (Fed. Cir. 2008). A decision to resign, moreover, is presumed to be voluntary. *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). It is only in situations where an employee can show that his resignation "was involuntary and thus tantamount to forced removal" that the board can exercise jurisdiction over his appeal. *Id.* at 1341 (footnote omitted); *see Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).

Where, as here, an employee resigns in order to avoid removal, the resignation will generally be deemed voluntary. *See Parrott,* 519 F.3d at 1334-35. "Our case law is settled that where an employee is faced with the unpleasant alternative of resigning or being subjected to an adverse action, the resulting resignation cannot be considered an involuntary retirement unless the employee shows that the agency lacked reasonable grounds for threatening to take the adverse action." *Terban,* 216 F.3d at 1026. Here, the record contains ample evidence showing that the IRS had reasonable grounds to remove Spearman from his position. Spearman does not dispute that he pled guilty, in state court, to charges of passing a forged document. The record shows, moreover, that he failed to pay his 2007 federal income taxes in a timely manner. Under such circumstances, the board correctly determined that the IRS had a reasonable basis for proposing Spearman's removal and that his resignation was therefore not involuntary. *See Initial Decision,* 2012 MSPB LEXIS 2202, at *8; *see also Conforto v. Merit Sys. Prot. Bd.,* 713 F.3d 1111, 1123 (Fed. Cir. 2013) (concluding that a retirement was not involuntary where it was not the result of "improper acts" by the agency); *Schultz v. U.S. Navy,* 810 F.2d 1133, 1136 (Fed. Cir. 1987) (emphasizing that a threat of adverse action is coercive only if it cannot be substantiated).

On appeal, Spearman asserts that his resignation was involuntary because the IRS "forced" him to resign from his position. In support, he alleges that after the agency decided to remove him, his third-level supervisor, Craig Drake, called him and proposed an "alternative solution." Spearman alleges that Drake offered to allow him to resign in lieu of being removed, and informed him that by resigning he would be able to retain the funds he had accumulated in his Thrift Savings Plan account. Spearman further alleges that Craig told him that he would receive a letter thanking him for his service to the agency if he elected to resign from his position. Even assuming that Craig made these statements, however, it would not establish that the board had jurisdiction over Spearman's appeal. An agency does not engage in "coercive conduct" when it offers an employee facing removal the option of resigning from the federal service. *Parrott,* 519 F.3d at 1334 (concluding that a resignation was not involuntary where an agency gave an employee the option to resign "for personal reasons" in lieu of being removed from his position); *see also Terban,* 216 F.3d at 1026 (emphasizing that "a choice is not involuntary simply because an employee is faced with an inherently unpleasant situation or his choice is limited to two unpleasant alternatives"). Thus, that Craig may have offered Spearman the opportunity to resign in lieu of being removed—and pointed out the advantages of doing so—would not establish that his resignation was involuntary.

We have considered the additional arguments made by Spearman, but do not find them persuasive. We therefore affirm the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.

**AFFIRMED**