**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MELVIN L. JOHNSON,
       Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
       Agency.

DOCKET NUMBER
SF-0752-21-0092-I-1

DATE: March 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jenny Cochrane, Esquire, Kirkland, Washington, for the appellant.

Briana Buban and Theodore M. Miller, Seattle, Washington, for the agency.

Matthew S. Voss, Esquire, North Las Vegas, Nevada, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An involuntary retirement or resignation is tantamount to a removal and, as such, is appealable to the Board. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009). To overcome the presumption of voluntariness, an appellant must show that the retirement or resignation resulted from agency coercion, deception, or misinformation. *Id.*, ¶ 8. When, as here, there is a claim that an alleged involuntary action resulted from misinformation, an appellant must show (1) that the agency made misleading statements; and (2) that the appellant reasonably relied on the misinformation to his detriment.[2] *Id.*

An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary action only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶ 10 (2008). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.*

---

[2] Although the administrative judge did not set forth this standard in the initial decision, the jurisdictional order placed the appellant on notice that he could make a nonfrivolous allegation of jurisdiction if he alleged that the agency made misleading statements on which he relied to his detriment. Initial Appeal File (IAF), Tab 10 at 3.

On review,[3] the appellant asserts that his supervisor misled him as to the "benefits" of submitting his resignation in lieu of an adverse action. Petition for Review (PFR) File, Tab 1 at 3. He does not, however, specify what he was told those benefits were. The appellant's vague allegation is insufficient to meet the nonfrivolous allegation standard. *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (explaining that bald allegations standing alone do not meet the nonfrivolous allegation standard). Moreover, even if the appellant's supervisor raised with him the option of resigning in lieu of being removed, we find that any such discussion would not constitute a nonfrivolous allegation of misinformation under the circumstances presented here. *See Parrot v. Merit Systems Protection* Board, 519 F.3d 1328, 1334 (Fed. Cir. 2008) (finding that the appellant failed to nonfrivolously allege that his resignation was involuntary when the appellant was given the option of resigning for "personal reasons" instead of being removed); *see also Spearman v. Merit Systems Protection Board*, 530 F. App'x 936, 938 (Fed. Cir. 2013)[4] (finding that an agency official may have offered the appellant an opportunity to resign in lieu of removal and pointed out the advantages of doing so but that such statements failed to establish that his resignation was involuntary). Thus, we discern no

---

[3] The appellant seeks to submit a May 14, 2021 decision from the Office of Administrative Hearing regarding his application for unemployment benefits. Petition for Review File, Tab 4. According to the appellant, the decision states that he "quit in 'lieu of discharge'" and that he was not "discharged due to misconduct." *Id*. at 3. However, he does not explain how this purported new evidence changes the outcome of his appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.114(k) (stating that, once the record closes, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d) and the party submitting it shows that the evidence or argument was not readily available before the record closed). Specifically, the appellant has not explained how the May 14, 2021 decision is material to the dispositive issue of jurisdiction over his Board appeal. Thus, we deny the appellant's motion.

[4] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

basis for disturbing the administrative judge's finding that the appellant failed to nonfrivolously allege that his resignation was involuntary based on misinformation.[5] Initial Appeal File, Tab 17, Initial Decision at 9.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

_____

[5] Below, the appellant asserted that his supervisor encouraged him to resign to avoid waiting for 2 years to apply for jobs at the agency. IAF, Tab 13 at 3. To the extent the appellant is raising that allegation again on review, PFR File, Tab 1 at 3, we discern no basis for disturbing the administrative judge's conclusion that the appellant did not nonfrivolously allege that his resignation was involuntary based on misinformation under the circumstances of this case. As set forth in the initial decision, the appellant has not explained how his supervisor's purported statements were erroneous, coercive, or, importantly, designed to deprive the appellant of his rights. IAF, Tab 17, Initial Decision at 8-9. In fact, the appellant had already been notified of the different avenues for appealing the agency's removal decision when his supervisor made the alleged statements. IAF, Tab 8 at 13; PFR, Tab 1.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.